## HOOPER v. STATE.

(Court of Criminal Appeals of Texas. April 23, 1913.)

CRIMINAL LAW (§ 1090*)—APPEAL—BILLS OF EXCEPTION — STATEMENT OF FACTS — NECESSITY.

On appeal in a criminal case, where the indictment, charge, judgment, and sentence were in proper form, there were no questions open for consideration, in the absence of a bill of exceptions or statement of facts.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2653, 2789, 2803–2822, 2825–2827, 2927, 2928, 2948, 3204; Dec. Dig. § 1090.*]

Appeal from District Court, Angelina County; L. D. Guinn, Special Judge.

Sam Hooper was convicted of unlawfully selling intoxicating liquors, and he appeals. Affirmed.

C. E. Lane, Asst. Atty. Gen., for the State.

PRENDERGAST, J. Appellant was convicted for unlawfully selling intoxicating liquors in Angelina county after prohibition had been put in effect in said county, since the enactment making such sale a felony, and his punishment fixed at three years in the penitentiary.

There is neither a bill of exception nor a statement of facts in this case. No question is raised which we can consider without a statement of facts. The indictment, charge, judgment of conviction, and sentence are in proper form.

The judgment is therefore affirmed.

---

## HOOPER v. STATE.

(Court of Criminal Appeals of Texas. April 23, 1913.)

CRIMINAL LAW (§ 1090*)—APPEAL—BILLS OF EXCEPTION — STATEMENT OF FACTS — NECESSITY.

The matters presented as grounds for a new trial in a criminal case could not be reviewed or revised, where the record contained neither a statement of facts nor a bill of exceptions.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2653, 2789, 2803–2822, 2825–2827, 2927, 2928, 2948, 3204; Dec. Dig. § 1090.*]

Appeal from District Court, Angelina County; L. D. Guinn, Special Judge.

Sam Hooper was convicted of violating the local option law, and he appeals. Affirmed.

C. E. Lane, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. Appellant was convicted of violating the local option law; his punishment being assessed at two years' confinement in the penitentiary.

This record is before us without a statement of facts or bills of exception. The matters presented by the motion for new trial, with the record in this condition, cannot be reviewed or revised.

The judgment is affirmed.